IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**CARLAN HURT**                                                                 **PLAINTIFF**

v.                              No. 3:23-cv-138-DPM

**GREENE COUNTY TECH SCHOOL
DISTRICT**                                                                       **DEFENDANT**

### ORDER

1.    Carlan Hurt is a third-grade teacher for the Greene County Tech School District in Paragould, Arkansas. She has worked there for more than ten years. In early May 2023, Hurt had an anxiety attack in her classroom. Her principal, Caroline Schenk, sent her home. Hurt used sick leave to take the next day off. A day later, Principal Schenk sent Hurt a letter placing her on leave under the Family Medical Leave Act. The letter said that Hurt was "having suicidal thoughts and was unable to get her medications refilled." *Doc. 1 at 3*. Hurt denies those statements. She says she was placed on FMLA leave involuntarily. Hurt believes this letter, which was placed in her personnel file, harmed her reputation and career prospects within the district.

Once on FMLA leave, the district required Hurt to send biweekly status updates and to provide a fitness-for-duty certificate before she could return to work. The district paid her for some of the leave days,

counting them against Hurt's sick and personal days. She says these lost days caused her financial harm, too.

Hurt has sued the school district. She claims it interfered with her rights under the FMLA, 29 U.S.C. § 2615(a)(1). The school district moves to dismiss, arguing that her claim fails as a matter of law. Dismissal is appropriate when "it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations." *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 916 (8th Cir. 2001). The facts stated above are those pleaded by Hurt, which the Court takes as true at this point.

2. Hurt hasn't stated an actionable interference claim because she wasn't entitled to the FMLA's benefits. *Walker v. Trinity Marine Products, Inc.*, 721 F.3d 542, 544-45 (8th Cir. 2013). "The FMLA entitles an employee to twelve weeks of leave from work during any twelve-month period if the employee meets certain statutory requirements." *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005 (8th Cir. 2012). One of those requirements is that an employee have a serious health condition that prevents her from doing her job. 29 U.S.C. § 2612(a)(1)(D). Hurt, however, pleads that this was not her situation. She says she "had no issues or problems performing her job duties aside from the health issue she suffered" in her classroom. *Doc. 1 at 5*. And she doesn't allege that she was later denied FMLA

leave because of the leave she was forced to take. *Walker*, 721 F.3d at 544. Her forced-leave interference claim therefore fails.

3. While it is not pleaded separately, Hurt may have an embedded defamation claim under Arkansas law. But, in the absence of any federal question, the Court declines to exercise supplemental jurisdiction over her state-law claim. 28 U.S.C. § 1367(c)(3); *McManemy v. Tierney*, 970 F.3d 1034, 1040-41 (8th Cir. 2020).

\* \* \*

The school district's motion to dismiss, *Doc. 6*, is granted. Its alternative motion for summary judgment is denied as moot. Hurt's FMLA claim will be dismissed with prejudice; any embedded defamation claim will be dismissed without prejudice.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

31 January 2024